FILED

2008 FEB 19 PM 2: 40

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WINFIELD THOMAS, | CASE NO. 3:08 CV 229 |
| Plaintiff, | JUDGE DAVID A. KATZ |
| v. | |
| | OPINION AND ORDER |
| VERNELIS K. ARMSTRONG, Magistrate Judge, | |
| Defendant. | |

On January 4, 2008, plaintiff pro se Winfield Thomas filed this action in the Seneca County Court of Common Pleas against United States Magistrate Judge Vernelis K. Armstrong. The action was removed to this court on January 28, 2008. For the reasons stated below, this action is dismissed.

The complaint alleges Magistrate Judge Armstrong violated Ohio's prohibition against the issuance of "sham legal process" when she signed a Warrant for plaintiff's arrest. In particular, the complaint alleges "the purported warrant issued by the Defendant was a sham legal document as it was not issued lawfully in accordance with the United States constitution, the constitution of Ohio, and the applicable statutes, rules, regulations and ordinances of the United States and Ohio." Complaint, p.4. Plaintiff seeks damages, attorney fees, court costs and other expenses.

Judicial officers are generally absolutely immune from civil suits for money damages. Mireles v. Waco, 502 U.S. 9 (1991);

Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. Barnes, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116. Plaintiff alleges no facts to show that either of these criteria has been met in this case.

The determination of whether an action is performed in the defendant's judicial capacity, depends on the "nature" and "function" of the act, not on the act itself. Mireles, 502 U.S. at 13; Stump v. Sparkman, 435 U.S. 349, 362 (1978). Looking first to the "nature" of the act, the court must determine whether it is a function generally performed by a judge. Stump, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges. Mireles, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the court to assess whether the parties dealt with the judge in his or her judicial capacity.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d

2

at 1116. (emphasis added.) When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. Stump, 435 U.S. at 356-57. A judge will be not deprived of immunity because the action she took was performed in error, done maliciously, or was in excess of her authority. Id. Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. King v. Love, 766 F.2d 962, 965 (6th Cir. 1985); see Barnes, 105 F.3d at 1122. Conversely, merely acting in excess of authority does not preclude immunity. See Sevier v. Turner, 742 F.2d 262, 271 (6th Cir. 1984).

In the present case, there are no allegations set forth in the complaint which reasonably suggest that Magistrate Judge Armstrong acted outside of the subject matter jurisdiction of the United States District Court. This action is therefore appropriately subject to summary dismissal. Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999); see also, Metzenbaum v. Nugent, 55 Fed.Appx. 729 (6th Cir. Feb. 3, 2003); Forbush v. Zaleski, 20 Fed.Appx. 481 (6th Cir. Sept. 26, 2001).

Accordingly, this action is dismissed.

IT IS SO ORDERED

_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE